This case is before us on interlocutory appeal by the Commonwealth, which asserts error in the judge's allowance of the defendant's motion to suppress.[2] We reverse.
Background. The judge found the following facts, which we conclude are amply supported by the record and therefore will not disturb. Following an investigation into drug activity in an apartment in Pittsfield, the police obtained a search warrant that, inter alia, authorized the search of the apartment and four named individuals. The warrant itself did not authorize the search of all those present at the apartment nor did it name or reference the defendant.
Upon the warrant's execution, three police officers guarded the back door of the apartment as other officers announced their presence with a search warrant at the front door. The defendant was among several people whose attempts to flee through the back door were thwarted by the officers guarding it. Including the defendant, four people were present in the apartment when the warrant was executed, and after being secured and pat frisked, the occupants were detained while the officers searched the apartment. During the search, the officers found "crack" cocaine and heroin in plain view, on the dining room table and elsewhere. A digital scale and packaging materials were also discovered.
Upon discovering the drugs and other indicia of narcotics distribution, the police searched the defendant, and discovered $500 in cash, a cellular telephone, and a key that unlocked the apartment's front door. The defendant was placed under arrest. The judge allowed the defendant's motion to suppress the evidence discovered on his person, concluding that the search of the defendant was not authorized by the search warrant and that there was insufficient probable cause to justify the defendant's arrest.[3] The judge further determined that the defendant's presence in the apartment, even coupled with his attempted flight, did not give police probable cause to believe that he either possessed the heroin discovered in the home or violated G. L. c. 94C, § 35, amended by St. 1972, c. 806, § 25, which criminalizes "knowingly [being] present at a place where heroin is kept." We disagree and conclude that the defendant's presence in the apartment where the drugs and indicia of narcotics distribution were discovered in plain view along with his attempted flight indeed provided the police with sufficient probable cause to arrest him. The search of the defendant was therefore incident to that arrest and lawful, and the defendant's motion to suppress should have been denied.
Discussion. "In reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of his ultimate findings and conclusions of law.' " Commonwealth v. Scott, 440 Mass. 642, 646 (2004), quoting from Commonwealth v. Jimenez, 438 Mass. 213, 218 (2002). As stated above, we discern no error in the judge's findings of fact.
Constructive possession requires that the defendant had "knowledge coupled with the ability and intention to exercise dominion and control" over the drugs. Commonwealth v. Sespedes, 442 Mass. 95, 99 (2004), quoting from Commonwealth v. Brzezinski, 405 Mass. 401, 409 (1989). Knowledge of and proximity to drugs alone is not enough to establish constructive possession, but "presence, supplemented by other incriminating evidence, will serve to tip the scale in favor of sufficiency." Brzezinksi, supra at 410 (quotation omitted). "Flight is often considered a 'plus' factor supporting an inference that the occupant intended to exercise dominion and control over the illegal contraband." Commonwealth v. Summers, 93 Mass. App. Ct. 260, 264 (2018). The fact that the defendant was not one of the named targets of the search warrant is ultimately irrelevant. He was present in an apartment where the police officers, during a lawful search, discovered drugs in plain view, and attempted to flee as the police entered. As we conclude that those facts provided the police with sufficient probable cause to arrest the defendant,[4] the fruits of the search of the defendant should not have been suppressed. See Commonwealth v. Mauricio, 477 Mass. 588, 592 (2017) ("A search incident to a custodial arrest is well established as an exception to the warrant requirement under both the Fourth Amendment [to the United States Constitution] and art. 14 [of the Massachusetts Declaration of Rights]"). The order allowing the motion to suppress is reversed.
So ordered.
Reversed.

The Commonwealth first filed a motion to reconsider, which was denied. The Commonwealth was then given leave to proceed with this appeal by a single justice of the Supreme Judicial Court.

As such, the search of the defendant would not be proper as incident to an arrest.

"Probable cause exists where the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Commonwealth v. Walczak, 463 Mass. 808, 848 (2012) (Spina, J., concurring in part and dissenting in part) (quotation omitted). Probable cause analyses consider probabilities. "These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Draper v. United States, 358 U.S. 307, 313 (1959) (quotation omitted).